# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT PIERCE DIVISION

MELITA C. AUSTIN,

    Plaintiff,

v.

MEDICAL DATA SYSTEMS, INC. d/b/a
MEDICAL REVENUE SERVICE,

    Defendant.

_____/

Case No. 2:21-cv-14353

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes MELITA C. AUSTIN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICE ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

## PARTIES

4. Plaintiff is a 65 year old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a third party debt collector that provides debt collection that principally focuses on the collection of purportedly defaulted medical debts. Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 2001 9th Avenue, Suite 312, Vero Beach, Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a medical debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from purportedly defaulted payments Plaintiff is said to owe in connection with medical services received from Piedmont Mountainside Hospital.

10. On or about June 28, 2021, Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

11. After receiving Defendant's collection letter, Plaintiff contacted Defendant in order to work out a payment arrangement.

12. Plaintiff agreed to make a one-time payment of $175.00 to get the ball rolling on addressing the subject debt.

13. When Plaintiff agreed to make this one-time payment, Defendant's representative repeatedly attempted to get Plaintiff to agree to set up automatic monthly payments in order to

address the subject debt, which Plaintiff repeatedly said she did not want to set up, as she was still weighing how to best address the subject debt.

14. Plaintiff then provided her account information to make the one-time payment.

15. Thereafter, on or around July 23, 2021, Defendant sent Plaintiff a subsequent collection letter ("July Letter") attempting to collect upon the subject debt.

16. The July Letter informed Plaintiff that it was an attempt to collect a debt and that any information obtained would be used for that purpose.

17. The July Letter further listed the balance of the subject debt and outlined the arrangements Plaintiff had set up to address the subject debt.

18. However, the July Letter falsely, deceptively, and misleadingly stated that, in addition to the agreed upon one-time payment, Plaintiff had similarly agreed to 17 automatic monthly withdrawals in the amount of $242 from her account and that such fund were set to be withdrawn from her account.

19. Plaintiff became distressed and confused as a result of Defendant's representations, as she did not agree to the monthly payments and was afraid that Defendant was using her provided account information in a manner contrary to the authorization provided by Plaintiff.

20. Fearing that Defendant would continue in its misappropriation of Plaintiff's financial information, Plaintiff agreed to make payment in full to Defendant in order to avoid further dealings with them and further misappropriation of her financial information.

21. Concerned and frustrated with Defendant's collection efforts, Plaintiff spoke with the undersigned regarding her rights, resulting in the expenditure of time and resources.

22. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to being lied to in violation of an anti-trickery statute, being compelled to make payment

in full as a result of Defendant's conduct, emotional distress, confusion, aggravation, and numerous violations of her federally protected interests to be free from deceptive and misleading debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in a business the principal purpose of which is the collection of debts.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §1692e, e(2)(A), e(5), and e(10) through its false, deceptive, and misleading representations that Plaintiff had agreed, and would be charged, for automatic monthly

4

payments in the amount of $242. Plaintiff explicitly did not consent to such monthly withdrawals, yet Defendant nevertheless represented to Plaintiff that she had so agreed and would be so charged. Not only was such representation literally false, but similarly deceptively and misleadingly suggested that Defendant was authorized to make such withdrawals, when in fact it was not. Defendant similarly lacked the lawful ability to threaten to take the money from Plaintiff's account, as such action would have been unlawful given Plaintiff's lack of authorization for the recurring charges. Fearing that Defendant would continue to misappropriate her financial information, Plaintiff was compelled to make payment in full in order to avoid further dealings with Defendant – an entity who had blatantly misrepresented the nature and extent of Plaintiff's authorization for payment in connection with the subject debt.

### b. Violation of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated § 1692f when it unfairly suggested that Plaintiff had agreed to recurring monthly payments and also unfairly suggesting that Plaintiff would be charged for such sums. Telling consumer's they've agreed to something which they have not is inherently unfair conduct engaged in by Defendant with the ultimate goal of extracting payment from Plaintiff regardless of her assent to such payments.

WHEREFORE, Plaintiff MELITA C. AUSTIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 26, 2021

Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com